```
_____FILED    ..........ENTERED
_____LODGED_____RECEIVED

          AUG 1 8 2004    DJ
                AT SEATTLE
          CLERK U.S. DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINE KEETER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DRUGSTORE.COM, INC., KAL RAMAN, ROBERT A. BARTON, and PETER M. NEUPERT, <br><br> Defendants. | No. **CV4  1799**ℛ𝒮𝓂 <br><br> **CLASS ACTION COMPLAINT** <br><br> <u>JURY TRIAL DEMANDED</u> <br><br> 04-CV-01799-CMP |

Plaintiff Christine Keeter ("Plaintiff"), individually and on behalf of all other persons similarly situated, by her undersigned attorneys, for her complaint against Defendants, alleges the following based upon personal knowledge as to herself and her own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through her attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding drugstore.com, Inc. ("drugstore.com" or the "Company"), securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff

CLASS ACTION COMPLAINT
Case No. ; Page 1

N:\CLIENTS\07000\17\DRUGSTORE.COM\KEETERCOMPLAINT081704.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  believes that substantial evidentiary support will exist for the allegations set forth herein after a
2  reasonable opportunity for discovery.

3                              **I. NATURE OF THE ACTION**

4      1.      This is a    federal class action on behalf of purchasers of the securities of
5  drugstore.com between January 20, 2004 and June 10, 2004, inclusive (the "Class Period"),
6  seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

7                            **II. JURISDICTION AND VENUE**

8      2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of
9  the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17
10  C.F.R. § 240.10b-5).

11     3.      This Court has jurisdiction over the subject matter of this action pursuant to
12  Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

13     4.      Venue is proper in this Judicial District pursuant to Section 27 of the Exchange
14  Act, 15 U.S.C. §78aa and 28 U.S.C. § 1391(b).  Many of the acts and transactions alleged herein,
15  including the preparation and dissemination of materially false and misleading information,
16  occurred in substantial part in this Judicial District.  Additionally, the Company maintains a
17  principal executive office in this Judicial District.

18     5.      In connection with the acts, conduct and other wrongs alleged in this complaint,
19  Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,
20  including, but not limited to, the United States mails, interstate telephone communications and
21  the facilities of the national securities exchange.

22                                  **III. PARTIES**

23     6.      Plaintiff purchased drugstore.com securities at artificially inflated prices during
24  the Class Period and has been damaged thereby.

25
26

CLASS ACTION COMPLAINT
Case No. ; Page 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\07000\17\DRUGSTORE.COM\KEETERCOMPLAINT081704.DOC

7.     Defendant drugstore.com is a Delaware corporation that maintains its principal place of business within this judicial district at 13920 S.E. Eastgate Way, Suite 300, Bellevue, WA 98005.

8.     Defendant Kal Raman ("Raman") was the Company's President and Chief Executive Officer. He resigned his post on June 11, 2004.

9.     Defendant Robert A. Barton ("Barton") was, at all relevant times, the Company's Vice President of Finance and Chief Financial Officer (Principal Financial and Accounting Officer).

10.     Defendant Peter M. Neupert ("Neupert") was, at all relevant times, the Company's Chairman of the Board.

11.     Defendants Raman, Barton, and Neupert are collectively referred to hereinafter as the "Individual Defendants."   During the Class Period, each of the Individual Defendants, as senior executive officers and/or directors of drugstore.com, were privy to non-public information concerning its business, finances, products, markets, and present and future business prospects via access to internal corporate documents, conversations, and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof, and via reports and other information provided to them in connection therewith.  Because of their possession of such information, the Individual Defendants knew or recklessly disregarded the fact that adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

12.     Because of the Individual Defendants' positions with the Company, they had access to the adverse undisclosed information about the Company's business, operations, operational trends, financial statements, markets, and present and future business prospects via access to internal corporate documents (including the Company's operating plans, budgets and forecasts, and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors

CLASS ACTION COMPLAINT
Case No. ; Page 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\07000\17\DRUGSTORE.COM\KRETERCOMPLAINT081704.DOC

1   meetings and committees thereof, and via reports and other information provided to them in
2   connection therewith.

3       13.    It is appropriate to treat the Individual Defendants as a group for pleading
4   purposes and to presume that the false, misleading, and incomplete information conveyed in the
5   Company's public filings, press releases, and other publications as alleged herein are the
6   collective actions of the narrowly defined group of Defendants identified above.  Each of the
7   above officers of drugstore.com, by virtue of their high-level positions with the Company,
8   directly participated in the management of the Company, was directly involved in the day-to-day
9   operations of the Company at the highest levels, and was privy to confidential proprietary
10   information concerning the Company and its business, operations, growth, financial statements,
11   and financial condition, as alleged herein.  Said Defendants were involved in drafting, producing,
12   reviewing and/or disseminating the false and misleading statements and information alleged
13   herein, were aware, or recklessly disregarded, that the false and misleading statements were
14   being issued regarding the Company, and approved or ratified these statements, in violation of
15   the federal securities laws.

16       14.    As officers and controlling persons of a publicly-held company whose securities
17   were and are registered with the SEC pursuant to the Exchange Act, and was traded on the
18   NASDAQ, and governed by the provisions of the federal securities laws, the Individual
19   Defendants each had a duty to disseminate accurate and truthful information promptly with
20   respect to the Company's financial condition and performance, growth, operations, financial
21   statements, business, markets, management, earnings, and present and future business prospects,
22   and to correct any previously-issued statements that had become materially misleading or untrue,
23   so that the market price of the Company's publicly-traded common securities would be based
24   upon truthful and accurate information.  The Individual Defendants' misrepresentations and
25   omissions during the Class Period violated these specific requirements and obligations.

26

CLASS ACTION COMPLAINT
Case No. ; Page 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\07000\17\DRUGSTORE.COM\KEETERCOMPLAINT081704.DOC

1    15.    The Individual Defendants participated in the drafting, preparation, and/or

2    approval of the various public and shareholder and investor reports and other communications

3    complained of herein and were aware of, or recklessly disregarded, the misstatements contained

4    therein and omissions therefrom, and were aware of their materially false and misleading nature.

5    Because of their Board membership and/or executive and managerial positions with

6    drugstore.com, each of the Individual Defendants had access to the adverse undisclosed

7    information about drugstore.com's financial condition and performance as particularized herein

8    and knew (or recklessly disregarded) that these adverse facts rendered the positive

9    representations made by or about drugstore.com and its business issued or adopted by the

10   Company materially false and misleading.

11   16.    The Individual Defendants, because of their positions of control and authority as

12   officers and/or directors of the Company, were able to and did control the content of the various

13   SEC filings, press releases, and other public statements pertaining to the Company during the

14   Class Period. Each Individual Defendant was provided with copies of the documents alleged

15   herein to be misleading prior to or shortly after their issuance and/or had the ability and/or

16   opportunity to prevent their issuance or cause them to be corrected. Accordingly, each of the

17   Individual Defendants is responsible for the accuracy of the public reports and releases detailed

18   herein and is therefore primarily liable for the representations contained therein.

19   17.    Each of the Defendants is liable as a participant in a fraudulent scheme and a

20   course of business that operated as a fraud or deceit on purchasers of drugstore.com common

21   stock by disseminating materially false and misleading statements and/or concealing material

22   adverse facts. The scheme: (i) deceived the investing public regarding drugstore.com's

23   business, operations, management and the intrinsic value of drugstore.com's securities; and (ii)

24   caused Plaintiff and other members of the Class to purchase drugstore.com's securities at

25   artificially inflated prices.

26

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## IV.  PLAINTIFF'S CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23(a) and (b)(3) on behalf of a Class consisting of all those who purchased or otherwise acquired the securities of drugstore.com between January 20, 2004 and June 10, 2004, inclusive (the "Class Period") and who were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

19.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, drugstore.com securities were actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by drugstore.com or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

20.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

21.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

22.     Common questions of law and fact exist as to the members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

a.     Whether the federal securities laws were violated by Defendants' acts as alleged herein;

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

b.      Whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations, and management of drugstore.com; and

c.      To what extent the members of the Class have sustained damages and the proper measure of damages.

23.    A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by the individual members of the Class may be relatively small, the expense and burden of individual litigation makes it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## V. SUBSTANTIVE ALLEGATIONS

### Background

24.    According to the Company's website, drugstore.com is an online provider of health, beauty, vision, and pharmacy solutions.  The drugstore.com online store provides a convenient, private, and informative shopping experience that encourages consumers to purchase products essential to healthy, everyday living.  The online store offers thousands of brand-name personal health care products at competitive prices; a full-service, licensed retail pharmacy; and a wealth of health-related information, buying guides, and other tools designed to help consumers make informed purchasing decisions.

25.    On December 9, 2004, drugstore.com announced it had completed the acquisition of privately-held International Vision Direct corporation, a leading provider of contact lenses and vision accessories.    Under the terms of the acquisition agreement, which was signed on November 3, 2003, drugstore.com would acquire Vision Direct for $10 million in cash and 6.8 million shares of common stock.  The acquisition closed on December 8, 2003.

CLASS ACTION COMPLAINT
Case No. ; Page 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\07000\17\DRUGSTORE.COM\KEETERCOMPLAINT081704.DOC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Materially False and Misleading Statements Issued During the Class Period**

26.     The Class Period starts on January 20, 2004.  At that time, the Company reported record net sales of $70.6 million for the quarter and a 59% year-over-year reduction in Generally Accepted Accounting Principles ("GAAP") net loss, and announced that it achieved EBITDA profitability (a non-GAAP financial measure defined as earnings before interest, taxes, depreciation and amortization of intangible assets, non-cash marketing expense, and stock-based compensation).  Additionally, the Company reported the following:

> Fourth quarter 2003 net sales reached an all-time high of $70.5 million, which represented a 28% increase over the fourth quarter of 2002.  Net sales for fiscal year 2003 reached $245.7 million, reflecting a 27% increase over fiscal year 2002.  Gross-margin was 22.2% for the quarter, and increased by 180 basis points over the fourth quarter of the prior year.  For fiscal year 2003, gross margin was 20.4%.  Net loss for the fourth quarter was $2.4 million, or $0.03 per share, and reflected a 59% reduction from the fourth quarter of fiscal year 2002.  Net loss for fiscal year 2003 was $18.6 million, or $0.27 per share, improving by 63% over fiscal year 2002.  EBITDA was $556,000 for the fourth quarter, and reflected the first EBITDA profit in drugstore.com, inc.'s history.  EBITDA loss for the year was $6.8 million.  A reconciliation of net loss to EBITDA is included in the financial data accompanying this press release.  Cash, cash equivalents, and marketable securities at the end of the fourth quarter totaled $43.6 million, and reflected the use of $10 million in cash for the acquisition of International Vision Direct Corp.  In the fourth quarter of fiscal year 2003.

> ***

> Operational Highlights for the Fourth Quarter of Fiscal Year 2003 and Recent Announcements

> drugstore.com, inc. acquired International Vision Direct corp. ("Vision Direct") for approximately $56 million in aggregate consideration.  Vision Direct is a leading direct-to-consumer retailer for prescription contact lenses ordered online, on the phone, through the mail or by fax.  Vision Direct, which operates web stores at www.visiondirect.com, www.onestopcontacts.com, www.lensemart.com, and www.paylesscontacts.com, offers high quality brand named products from Bausch & Lomb, CIBA Vision, and Johnson & Johnson.  The purchase price included $10 million in cash, with the balance paid in shares of drugstore.com, inc. common stock.  The company anticipates the results of the acquisition to contribute positively to both top-line sales growth and profitability in fiscal year 2004, and to be accretive on an earnings per share basis.  Following the closing of the acquisition, Vision Direct contributed $2.4 million in top line sales and provided a $50,000 EBITDA contribution to the fourth quarter and fiscal year 2003 consolidated results of drugstore.com, inc.  For the year, Vision Direct recognized revenues of approximately $48 million with a trailing twelve month spend per active customer of approximately

CLASS ACTION COMPLAINT
Case No. ; Page 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

27.    Commenting on these results, Defendant Raman stated:

"The fourth quarter was an important milestone for drugstore.com™, as we accomplished significant operational goals, including record sales, higher gross margins, and most importantly, EBITDA profitability [.] . . .  We also made significant investments for the future, such as broadening our product mix by acquiring a leading online contact lense provider, launching new technology that makes it easier for customers to use their flexible spending accounts, and lending the effort to make the Internet safer for consumers shopping online for prescriptions.    With these and other growth initiatives, we believe we can continue to grow the company profitably and build on our positions as the leading provider of health, beauty, wellness, personal care, and pharmacy solutions on the Web.

28.    Additionally, the Company gave the following financial outlook:

Outlook for the First Quarter of Fiscal Year 2004 and Fiscal Year 2004

drugstore.com, inc. anticipates net sales for fiscal year 2004 to grow in excess of 45% over 2003, and be in the range of $360 million to $390 million.  Of net sales, the company expects pharmacy mail order sales to be approximately 16%, local pickup pharmacy sales to be approximately 24%, eye care sales to be approximately 20%, and OTC sales to be approximately 40%.  For fiscal year 2004, the company expects GAAP net loss in the range of $9.5 million to $13.5 million and EBITDA in the range of break-even to $4 million.  For the first quarter of fiscal year 2004, the company expects net sales to be approximately $80 million to $85 million, with mail order pharmacy sales at approximately 17% of net sales, local pickup pharmacy sales at approximately 28%, eye care at approximately 15%, and OTC sales at approximately 40%.  Gross margin in the first quarter of 2004 is expected to be in the range of 21% to 22%.  The company anticipates a GAAP net loss range of $4.5 million to $5.0 million and an EBITDA loss range of $1.2 million to $1.7 million for the first quarter, as the company anticipates increased marketing spending in the first quarter to drive additional growth into the newly acquired Vision Direct and the company's other base businesses.

29.    On March 12, 2004, the Company filed its annual report on Form 109-K with the SEC.  The Company's Form 10-K was signed by the Individual Defendants.  Therein, the Defendants reaffirmed the Company's previously issued financial results and its previously issued positive statements about the Company's financial outlook.

30.    On April 28, 2004, the Company announced its financial results for the quarter ending March 28, 2004.  The Company reported a 48% year-over-year increase in quarterly net sales to a record $84.4 million, a 73% year-over-year increase in gross profit to $18.1 million, and a 19% year-over-year reduction in quarterly net loss.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

31.     Commenting on these results, Defendant Raman stated:

"The first quarter of 2004 was an exciting quarter for us, as we began to see a significant return from our growth initiatives. This was demonstrated by an impressive 46% year-over-year growth in revenue from repeat customers in our over-the counter business, which shows that our customers are getting more from and are doing more of their shopping at the drugstore.com™ Web store[.].. .

We believe that reducing delivery times will encourage our customers, particularly our West Coast customers, to shop more frequently with us.]"

32.     Additionally, the Company gave the following financial outlook:

Outlook for the Second Quarter and Fiscal Year 2004

For the second quarter of fiscal year 2004, drugstore.com, inc. expects net sales to be in the range of $85 million to 489 million.  Of total net sales, the company expects OTC sales to be in the range of $36 million to $38 million, mail-order pharmacy sales to be in the range of $15 million to $16 million, local pick-up pharmacy to be in the range of $21 million to $22 million, and vision to be approximately $13 million.  The company plans to implement a new Free 3-Day Shipping service for OTC orders of $49 or more, which is expected to benefit West coast customers in particular, and also plans to increase spending on marketing to promote its newly acquired vision business and the Free 3-Day Shipping service.  As a result, the company anticipates GAAP net loss for the second quarter to be in the range of $4.0 million to $4.5 million, and EBITDA loss to be in the range of $600,000 to $1.1 million.

For the full fiscal year, drugstore.com, inc.. confirmed its prior guidance that net sales are expected to grow more than 45% over 2003, to a range of $360 million to $390 million.  The company adjusted its forecast of GAAP net loss for the full fiscal year slightly, to a range of $9.8 million to $13.8 million.  The company maintained its prior EBITDA guidance for fiscal year 2004, with EBITDA in the range of break-even to a profit of $4.0 million, and believes that it will end the year with more than $40 million in cash.

33.     The statements contained in ¶¶ 26-32 were each materially false and misleading because the defendants failed to disclose and indicate: (1) that the defendants knew or recklessly disregarded the fact that the Company's gross margins were being negatively impacted due to its implementation of a free three-day shipping offer, which was enacted in April 2004; (2) that the defendants knew or recklessly disregarded the fact that the integration of International Vision Direct was a disaster; (3) that the Company's sales growth was being negatively impacted by cancellations resulting from expired prescriptions; (4) that EBITDA was swinging $5 million to

CLASS ACTION COMPLAINT
Case No. ; Page 10

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   negative territory; and (5) that, as a result of the foregoing, defendants lacked a reasonable basis

2   for their positive and aggressive statements about the Company and their earnings projections.

3   **The Truth Begins to Emerge**

4         34.     On June 11, 2004, the Company provided an update on anticipated financial

5   results for the second quarter and fiscal year 2004. According to the update, the Company

6   stated:

7         For the second quarter of 2004, drugstore.com inc. currently expects revenues to
increase by approximately 50 percent year-over-year, in line with previous

8         guidance of $85 to $89 million, with a GAAP net loss of approximately $4.5
million to $5.2 million. The company expects to report an EBITDA loss (a non-

9         GAAP financial measure defined as earnings before interest, taxes, depreciation
and amortization of intangible assets, non-cash marketing expenses and stock-

10         based compensation) of $1.1 to $1.8 million for the second quarter. This would
represent a significant improvement over an EBITDA loss to $2.1 million

11         reported for the same period last year, but is below previous guidance of an
EBITDA loss of $600,000 to $1.1 million.

12

13         "We expect our second quarter results to be impacted by a dip in gross margins to
approximately 20.3 percent," said Bob Barton, acting chief executive officer of

14         drugstore.com, inc. "This reflects a slower-than-anticipated ramp-up in our
Vision Direct business and the impact of our free three-day shipping and other

15         discount programs on our gross margins. Recently enacted legislation requires all
patients to renew their contract lens prescriptions annually. We believe that

16         cancellations resulting from expired prescriptions have slowed our sales growth
and increased our costs in our vision business, and we expect that this will

17         continue at least in the near term. In addition, the integration of Vision Direct
onto our technology platform is taking longer than originally anticipated, but

18         when complete, will enable to improve our customer service and marketing
efficiency and allow us to more effectively cross-sell products across our
customer base."

19

20         For the full year, drugstore.com, inc. net sales are now expected to grow b more
than 40 percent over 2003, to a range of $355 million to $370 million. For fiscal

21         year 2004, the company adjusted to previous forecast of GAAP net loss to a range
of $15.8 million to $17.8 million and adjusted its prior EBITDA guidance to an

22         EBITDA loss in the range of $2.0 to $4.0 million. The company expects an
EBITDA profit in the fourth quarter of 2004. A schedule of the expected range of

23         estimated amounts to be used in reconciling expected net loss (the most directly
comparable GAAP measure) to expected EBITDA gain/(loss) is provided
supplementally below.

24

25         "In recent months, we have instituted a number of programs that we believe will
greatly benefit the long-term growth of our business," continued Mr. Barton.

26         "These include free three-day shipping to Midwest, Mountain and West Coast
customers for nonprescription orders of $49 or more, and pricing initiatives that

CLASS ACTION COMPLAINT
Case No. ; Page 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\07000\17\DRUGSTORE.COM\KEETERCOMPLAINT081704.DOC

demonstrate our continued commitment to being the clear value leader in both OTC and pharmacy products. These programs, together with slower-than-expected growth in our vision business, are having an impact on our bottom-line results, but we believe that they will provide long-term growth opportunities. Looking forward, we expect to grow our overall business by more than 40 percent in 2004. Additionally, we expect to report decreasing operating expenses as a percentage of net sales in the second quarter of 2004, improving gross margins in the second half of 2004, and a return to EBITDA profitability in the fourth quarter of 2004. All of these signs point to a growing company that continues to be focused on improving its bottom-line results."

35.     Additionally, on June 11, 2004, the Company announced that Defendant Raman had decided to leave the Company and that Defendant Barton would assume Defendant Raman's responsibilities during the Company's search for a replacement.

36.     News of this shocked the market. Shares of drugstore.com, Inc. fell 41.85 per share, or 38 percent, to close at $3.06 per share on unusually high volume on June 14, 2004.

**Undisclosed Adverse Facts**

37.     The market for drugstore.com's securities was open, well-developed,and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, drugstore.com's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired drugstore.com securities relying upon the integrity of the market price of drugstore.com's securities and market information relating to drugstore.com, and have been damaged thereby.

38.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of drugstore.com's securities, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

39.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the

CLASS ACTION COMPLAINT
Case No. ; Page 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 Class Period, Defendants made or caused to be made a series of materially false or misleading
2 statements about drugstore.com's business, prospects and operations.   These material
3 misstatements and omissions had the cause and effect of creating in the market an unrealistically
4 positive assessment of drugstore.com and its business, prospects and operations.  These material
5 misstatements and omissions had the cause and effect of creating in the market an unrealistically
6 positive assessment of drugstore.com and its business, prospects and operations, thus causing the
7 Company's securities to be overvalued and artificially inflated at all relevant times.  Defendants'
8 materially false and misleading statements during the Class Period resulted in Plaintiff and other
9 members of the Class purchasing the Company's securities at artificially inflated prices, thus
10 causing the damages complained of herein.

11 **VI. ADDITIONAL SCIENTER ALLEGATIONS**

12     40.     As alleged herein, Defendants acted with scienter in that Defendants knew that
13 the public documents and statements issued or disseminated in the name of the Company were
14 materially false and misleading; knew that such statements or documents would be issued or
15 disseminated to the investing public; and knowingly and substantially participated or acquiesced
16 in the issuance or dissemination of such statements or documents as primary violations of the
17 federal securities laws.  As set forth elsewhere herein in detail, Defendants, by virtue of their
18 receipt of information reflecting the true facts regarding drugstore.com, their control over, and/or
19 receipt and/or modification of drugstore.com's allegedly materially misleading misstatements
20 and/or their associations with the Company which made them privy to confidential proprietary
21 information concerning drugstore.com, participated in the fraudulent scheme alleged herein.

22     41.     Defendants knew and/or recklessly disregarded the falsity and misleading nature
23 of the information which they caused to be disseminated to the investing public.  The ongoing
24 fraudulent scheme described in this complaint could not have been perpetrated over a substantial
25 period of time, as has occurred, without the knowledge and complicity of the personnel at the
26 highest level of the Company, including the Individual Defendants.

CLASS ACTION COMPLAINT
Case No. ; Page 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\07000\17\DRUGSTORE.COM\KEELERCOMPLAINT081704.DOC

42. Additionally, the insiders were able to take advantage of the Company's false and misleading statements by selling 713,000 shares at artificially inflated prices for proceeds totaling over $4 million, as evidenced by the chart below:

| NAME | DATE AND SHARES SOLD | PROCEEDS |
|------|----------------------|----------|
| Raman | 05/17/04 – 10,000 shares @ $4.408 per share | $44,080 |
|  | 04/13/04 – 25,000 shares @ $5.70 per share | $142,500 |
|  | 04/07/04 – 25,000 shares @ $5.875 per share | $146,875 |
|  | 04/03/04 – 25,000 shares @ $5.485 per share | $137,125 |
|  | 03/30/04 – 25,000 shares @ $5.25 per share | $131,250 |
|  | 03/26/04 – 25,000 shares @ $5.00 per share | $125,000 |
|  | 03/23/04 – 25,000 shares @ $5.109 per share | $127,725 |
|  | 03/18/04 – 25,000 shares @ $5.23 per share | $130,750 |
|  | 03/15/04 – 25,000 shares @ $5.643 per share | $141,075 |
|  | 03/10/04 – 25,000 shares @ $5.686 per share | $142,150 |
|  | 03/05/04 – 25,000 shares @ $6.006 per share | $150,150 |
|  | 03/02/04 – 25,000 shares @ $5.826 per share | $145,650 |
|  | 02/27/04 – 25,000 shares @ $5.747 per share | $143,675 |
|  | 02/20/04 – 25,000 shares @ $5.992 per share | $149,800 |
|  | 02/18/04 – 16,000 shares @ $6.472 per share | $103,552 |
|  | 02/17/04 – 39,800 shares @ $6.163 per share | $245,287.40 |
|  | 02/13/04 – 12,500 shares @ $6.180 per share | $77,250 |
|  | 02/11/04 – 10,000 shares @ $6.640 per share | $66,400 |
|  | 02/10/04 – 42,000 shares @ $6.129 per share | $257,418 |
|  | 02/05/04 – 25,000 shares @ $6.063 per share | $151,575 |
|  | 02/02/04 – 6,000 shares @ $6.767 per share | $40,602 |
|  | 01/28/04 – 25,000 shares @ $7.090 per share | $177,250 |
|  | 01/26/04 – 25,000 shares @ $7.155 per share | $178,875 |
|  | **Total Shares Sold: 513,800 shares** | **Total: $3,156,014.40** |
| Barton | 03/30/04 – 66,000 shares @ $5.50 per share | $363,000 |
|  | 02/25/04 – 67,000 shares @ $5.536 per share | $370,912 |
|  | 01/26/04 – 67,000 shares @ $7.155 per share | $479,385 |
|  | **Total Shares Sold: 200,000** | **Total: $1,213,297** |
|  | **Total Shares Sold: 713,000 shares** | **Total Proceeds:** <br> **$4,369,311.40** |

### Applicability of Presumption of Reliance: Fraud-On-The-Market Doctrine

43. At all relevant times, the market for drugstore.com's securities was an efficient market for the following reasons, among others:

a. drugstore.com's stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

CLASS ACTION COMPLAINT
Case No. ; Page 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1       b.     As a regulated issuer, drugstore.com filed periodic public reports with the

2 SEC and the NASDAQ;

3       c.     drugstore.com regularly communicated with public investors <u>via</u>

4 established market communication mechanisms, including through regular disseminations of

5 press releases on the national circuits of major newswire services and through other wide-

6 ranging public disclosures, such as communications with the financial press and other similar

7 reporting services; and

8       d.     drugstore.com was followed by several securities analysts employed by

9 major brokerage firms who wrote reports which were distributed to the sales force and certain

10 customers of their respective brokerage firms.  Each of these reports was publicly available and

11 entered the public marketplace.

12     44.     As a result of the foregoing, the market for drugstore.com securities promptly

13 digested current information regarding drugstore.com from all publicly-available sources and

14 reflected such information in drugstore.com's stock price.  Under these circumstances, all

15 purchasers of drugstore.com's securities during the Class Period suffered similar injury through

16 their purchase of drugstore.com's securities at artificially inflated prices, and a presumption of

17 reliance applies.

18 <u>**No Safe Harbor**</u>

19     45.     The statutory safe harbor provided for forward-looking statements under certain

20 circumstances does not apply to any of the allegedly forward-looking statements pleaded in this

21 complaint.  Many of the specific statements pleaded herein were not identified as "forward-

22 looking statements" when made.  To the extent there were any forward-looking statements, there

23 were no meaningful cautionary statements identifying important factors that could cause actual

24 results to differ materially from those in the purportedly forward-looking statements.

25 Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking

26 statements because at the time each of those forward-looking statements were made, the

CLASS ACTION COMPLAINT
Case No. ; Page 15

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    particular speaker knew that the particular forward-looking statement was false, and/or the

2    forward-looking statement was authorized and/or approved by an executive officer of

3    drugstore.com who knew that those statements were false when made.

## VII.  FIRST CLAIM

### Violation of Section 10(b) of the Exchange Act Against And
### Rule 10b-5 Promulgated Thereunder Against All Defendants

46.    Plaintiff repeats and reiterates the allegations set forth above as though fully set

forth herein. This claim is asserted against all Defendants.

47.    During the Class Period, Defendants carried out a plan, scheme, and course of

conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing

public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and

other members of the Class to purchase drugstore.com's securities at artificially inflated prices.

In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of

them, took the actions set forth herein.

48.    Defendants (a) employed devices, schemes, and artifices to defraud; (b) made

untrue statements of material fact and/or omitted to state material facts necessary to make the

statements not misleading; and (c) engaged in acts, practices, and a course of business which

operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to

maintain artificially high market prices for drugstore.com's securities in violation of

Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary

participants in the wrongful and illegal conduct charged herein or as controlling persons as

alleged below.

49.    These Defendants employed devices, schemes, and artifices to defraud, while in

possession of material adverse non-public information and engaged in acts, practices, and a

course of conduct as alleged herein in an effort to assure investors of drugstore.com value and

performance and continued substantial growth, which included the making of, or the

CLASS ACTION COMPLAINT
Case No. ; Page 16

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\07000\17\DRUGSTORE.COM\KELLERCOMPLAINT081704.DOC

1  participation in the making of, untrue statements of material facts and omitting to state material

2  facts necessary in order to make the statements made about drugstore.com and its business

3  operations and future prospects in the light of the circumstances under which they were made,

4  not misleading, as set forth more particularly herein, and engaged in transactions, practices and a

5  course of business which operated as a fraud and deceit upon the purchasers of drugstore.com

6  securities during the Class Period.

7         50.    Each of the Individual Defendant's primary liability, and controlling person

8  liability, arises from the following facts: (i) the individual Defendants were high-level executives

9  and/or directors at the Company during the Class Period and members of the Company's

10  management team or had control thereof; (ii) each of these Defendants, by virtue of his

11  responsibilities and activities as a senior officer and/or director of the Company was privy to and

12  participated in the creation, development, and reporting of the Company's internal budgets,

13  plans, projections and/or reports; (iii) each of these Defendants enjoyed significant personal

14  contact and familiarity with the other Defendants and was advised of and had access to other

15  members of the Company's management team, internal reports, and other data and information

16  about the Company's finances, operations, and sales at all relevant times; and (iv) each of these

17  Defendants was aware of the Company's dissemination of information to the investing public

18  which they knew or recklessly disregarded was materially false and misleading.

19         51.    The Defendants had actual knowledge of the misrepresentations and omissions of

20  material facts set forth herein, or acted with reckless disregard for the truth in that they failed to

21  ascertain and to disclose such facts, even though such facts were available to them.   Such

22  Defendants' material misrepresentations and/or omissions were done knowingly or recklessly

23  and for the purpose and effect of concealing drugstore.com operating condition and future

24  business prospects from the investing public and supporting the artificially inflated price of its

25  securities. As demonstrated by Defendants' overstatements and misstatements of the Company's

26  business, operations, and earnings throughout the Class Period, Defendants, if they did not have

CLASS ACTION COMPLAINT
Case No. ; Page 17

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to
2  obtain such knowledge by deliberately refraining from taking those steps necessary to discover
3  whether those statements were false or misleading.

4      52.    As a result of the dissemination of the materially false and misleading information
5  and failing to disclose material facts, as set forth above, the market price of drugstore.com
6  securities was artificially inflated during the Class Period.  In ignorance of the fact that market
7  prices of drugstore.com publicly-traded securities were artificially inflated, and relying directly
8  or indirectly on the false and misleading statements made by Defendants, or upon the integrity of
9  the market in which the securities trades, and/or on the absence of material adverse information
10 that was known to or recklessly disregarded by Defendants but not disclosed in public statements
11 by Defendants during the Class Period, Plaintiff and the other members of the Class acquired
12 drugstore.com securities during the Class Period at artificially high prices and were damaged
13 thereby.

14     53.    At the time of said misrepresentations and omissions, Plaintiff and other members
15 of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the
16 other members of the Class and the marketplace known the truth regarding the problems that
17 drugstore.com, was experiencing, which were not disclosed by Defendants, Plaintiff and other
18 members of the Class would not have purchased or otherwise acquired their drugstore.com
19 securities, or, if they had acquired such securities during the Class Period, they would not have
20 done so at the artificially inflated prices which they paid.

21     54.    By virtue of the foregoing, Defendants have violated Section 10(b) of the
22 Exchange Act, and Rule 10b-5 promulgated thereunder.

23     55.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and
24 the other members of the Class suffered damages in connection with their respective purchases
25 and sales of the Company's securities during the Class Period.

26

CLASS ACTION COMPLAINT
Case No. ; Page 18

N:\CLIENTS\07000\17\DRUGSTORE.COM\KRETERCOMPLAINT081704.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## VIII. SECOND CLAIM

### Violation of Section 20(a) of The Exchange Act
### Against the Individual Defendants

56.     Plaintiff repeats and reiterates the allegations as set forth above as if set forth fully herein. This claim is asserted against the Individual Defendants.

57.     The Individual Defendants acted as controlling persons of drugstore.com within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations, and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

58.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

59.     As set forth above, drugstore.com and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

CLASS ACTION COMPLAINT
Case No. ; Page 19

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\07000\17\DRUGSTORE.COM\KELLERCOMPLAINT08\1704.DOC

1    WHEREFORE, Plaintiff prays for relief and judgment, as follows:

2        a.    Determining that this action is a proper class action, designating Plaintiff as Lead

3    Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of

4    Civil Procedure and Plaintiff's counsel as Lead Counsel.

5        b.    Awarding compensatory damages in favor of Plaintiff and the other Class

6    members against all Defendants, jointly and severally, for all damages sustained as a result of

7    Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

8        c.    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in

9    this action, including counsel fees and expert fees; and

10       d.    Such other and further relief as the Court may deem just and proper.

11                          **JURY TRIAL DEMANDED**

12   Plaintiff hereby demands a trial by jury.

13

     DATED this 17th day of August, 2004.

14

15                              KELLER ROHRBACK L.L.P.

16

17   By _____
                              Lynn Lincoln Sarko, WSBA #16569
18                            Juli Farris Desper, WSBA #17593

19                            1201 Third Avenue, Suite 3200
                              Seattle, WA 98101-3052
20                            Telephone:  (206) 623-1900
                              Facsimile:  (206) 623-3384

21                            STULL, STULL & BRODY
                              Jules Brody
22                            Aaron Brody
                              6 East 45th Street
23                            New York, NY 10017
                              Telephone:  (212) 687-7230
24                            Facsimile:  (212) 490-2022

25

26

CLASS ACTION COMPLAINT
Case No. ; Page 20

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WEISS & YOURMAN
Joseph H. Weiss
551 Fifth Avenue
New York, NY 10176
Telephone:  (212) 682-3025
Facsimile:  (212) 682-3010

Attorneys for Plaintiff

CLASS ACTION COMPLAINT
Case No. ; Page 21

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

AUG-17-2004  16:10                                                                          P.02/02

## PLAINTIFF CERTIFICATION

Christine Keeler ("Plaintiff") hereby states that:

1.      Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.      Plaintiff did not purchase any common stock/securities of **drugstore.com, Inc.** at the direction of his/her counsel or in order to participate in this private action.

3.      Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.      The following includes all of Plaintiff's transactions in **drugstore.com, Inc.** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Common Stock | Purchase | 4-29-04 | 4.80 | 450 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Please list other transactions on a separate sheet of paper, if necessary.

5.      Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this __16th__ day of __August__ , 2004.

_____Christine Keeler_____
                                              Signature

TOTAL P.02